Houck, J.
- The plaintiffs bring this action against the incorporated village of Johnstown, in which they seek to restrain said village from taking possession of and opening up certain alleys and streets in said village.
*103 The plaintiffs set forth in their petition that they are the owners of the alleys and streets in question by reason of the fact that they and their predecessors in title have had the open and uninterrupted possession of the same for more than twenty-one years. In the answer there is a general denial of all the material allegations in the petition, and, further, as an affirmative 'defense, the answer says that by reason of certain plats filed by the original owner of said land prior to the year 1840, as well as by certain acts of the legislature of Ohio, the title in and to said alleys and streets claimed by plaintiffs now vests in the state of Ohio, and therefore the statute of limitations, as claimed by plaintiffs, cannot be invoked.
We have reviewed the evidence in this case with much care, and we are of the opinion that the claims made by the defendant are not borne out by the evidence in the case. On the other hand, we find from the evidence that the alleys and streets in question were never used by the public, and that for a period of more than sixty years they have been used and occupied, and fenced in, by those who were the holders of the paper title to said lots, and that in a number of instances buildings have been constructed upon the alleys and streets claimed by plaintiffs.
We further find the evidence to be clear and convincing that the plaintiffs, and their predecessors in title, for many years beyond the period of twenty-one years have been in possession of said streets and alleys. We think the law in this state is well' settled that the occupation by abutting owners of a street', by taking possession of the *104 whole, including it within the boundaries of their land, using it and occupying it as a part of their premises, cultivating and tilling the same,, exercising all of the powers incident to ownership thereof, and selling and conveying the same to purchasers for a valuable consideration, establishes adverse possession, and that if such possession has been for a period of more than twenty-one years it ripens into title. If this be the law, and if we apply it to the conceded facts in the case in hand, we are bound to find for the plaintiffs. Section 11220 of the General Code provides:
“If a street or alley, or any part thereof, laid out and shown on the recorded plat of a city or village, has not been opened to the public use and occupancy of the citizens thereof, or other persons, and has been enclosed with a fence by the owner or owners of the inlots, lots or outlots lying on, ■adjacent to or along such street or alley, or part thereof, and has remained in the open, uninterrupted use, adverse possession and occupancy of such owner or owners for the period of twenty-one years, and if such street, alley, inlot' or outlot is a part of the tract of land so laid out by the original proprietor or proprietors, the public easement therein shall be extinguished and the right of such city or village, the citizens thereof, or other persons, and the council of such city or village and the legal authorities thereof, to use, control or occupy so much of such street or alley as has been fenced up, used, possessed and occupied, shall be barred, except to the owners of such inlots or outlots lying on, adjacent to or along such streets or alleys who have occupied them in the manner aforesaid.”
*105 From an examination of this section of the statute we are fully convinced that it is clearly applicable to the proven facts in the case at bar and is decisive of the case.
It therefore follows, from what we have already said, that the plaintiffs are entitled to the relief prayed for 'in their petition.

Decree and judgment accordingly.

Powell and Shields, JJ., concur.