**ORANGEVILLE (Village), Plaintiff, v. POWELL et, Defendants.**

Common Pleas Court, Trumbull County.

No. 62655.  Decided April 22, 1954.

Luchette & Hoffman, by Luchette, City Solicitor, Masury, for plaintiff.

George Lewis, Warren, for defendant Emma Powell.

### OPINION

By BIRRELL, J.

This case comes before the Court on the request of the Village of Orangeville that the Court make an Order requiring the Defendants to remove certain structures and obstructions which they have placed and now own and maintain upon one of the public highways in said Village of Orangeville.

The Defendants, while admitting the existence of the public highway, claim that the street mentioned by the Village was long-ago abandoned by the Village, and that the Defendant Emma Powell

"improved said so-called street, fenced it in, and built buildings on it, and has ever since occupied and possessed as her own."

And this Defendant claims that she and her predecessor in title have openly, notoriously, adversely and continuously held and occupied said land in question for more than twenty-one years, and have excluded therefrom every one other than those having business with her and her predecessors in title; and that by reason of same she is the owner, and has acquired title thereto by adverse possession.

The difficulty with the claim of the Defendant is that the evidence does not indicate that she has adversely held the property for more than twenty-one years to the exclusion of other persons. Defendant admits that other persons have made use of portions of the so-called street, both in going to the Pymatuning River, and in going to a barber shop which formerly existed on the west side of said street. It is admitted that such traffic was by foot travel, since the street had grown up to bushes and was impassible for vehicles. Defendant admits that never had she fenced in the street, but had merely attempted to tell persons whom she did not wish to travel on the street that she claimed possession thereof.

Likewise it is admitted that the construction of buildings on her part upon the street has all been done since approximately the year 1938 so that the exclusive occupancy by any of her buildings has not existed for the required period of time, nor has any building been sufficient in size to exclusively occupy the street in such a manner as to prevent foot travel from passing up and down.

Nor is this Defendant sustained by the law in her claim of adverse possession to this street. **Sec. 2305.05 R. C.** (formerly §11220 GC), on which Defendant relies, provides that

"if a street * * * has not been open to the public use * * * and has been enclosed with a fence by the owner * * * and has remainder in the open, uninterrupted use, adverse possession and occupancy of such owner for the period of twenty-one years * * * the public easement therein shall be extinguished * * * and the right of such City * * * to use, control or occupy so much * * * as has been fenced * * * shall be barred * * *" etc.

The absolute requirement that the street must have been fenced and remain in the possession of the original proprietors has not been complied with here, and therefore this Statute is ineffective in the Defendant's behalf. **Byerlyte Corporation v. City of Cleveland, 32 Abs 609.** The cases of **Joseph v. City of Akron, 19 Oh Ap 412** and **Simpson v. Village of Johnston,**

9 **Oh Ap 102;** 29 O. C. A. 219 cited by Defendant, depend upon the provisions of §12220 GC and are therefore not here in point.

Likewise the present law on the subject of adverse possession of public highways is to the effect that

"no lapse of time will bar the public authorities in an action to recover the possession of lands belonging to a public highway or street, or to compel the removal therefrom of obstructions placed therein, however long they may have been maintained and whether the character may be solid and permanent or temporary and frail, and this rule will be applied to highways, streets or roads, whether in Municipality, Counties, Township or the State." **1 O. Jur. 2nd, p. 769, Sec. 88 note 17.** See also Herman v. Spitzmiller, 24 C. C. N. S. 20.

The Village of Orangeville has the right and the power to require the removal of the buildings constructed within the limit of the street as public nuisances. **1 O. Jur. 2nd, page 770-771, Sec. 89-90.**

Defendants Robert Gregory and Anita V. Gregory failed to plead or appear and testify. Since Emma Powell had no title which she could convey to them, they have no claim of any kind in the street.

The prayer of Plaintiff's Petition must be granted and an Entry may be drawn for that purpose. Doubtless the Village of Orangevile will be generous in permitting sufficient time for these Defendants to remove buildings, if desired, from this street.