**LOOSE, Application of, In re.**

Ohio Appeals, Tenth District, Franklin County.

No. 5688. Decided Jauary 14, 1958.

Herbert, Tuttle, Applegate & Britt, Thomas W. Applegate, C. Richard O'Neil, of Counsel, Columbus, for plaintiffs-appellees.

J. Russell Leach, City Atty., Alba L. Whiteside, Asst. City Atty., Waymon B. McLeskey, Special Counsel, Columbus, for defendants-appellants.

## OPINION

By MILLER, J.

This cause comes into this court as an appeal on questions of law and fact from a judgment of the Common Pleas Court. The action is one in which the plaintiffs, Donel F. Loose and Edna Loose, are seeking to acquire the title to a twenty foot strip of ground by reason of adverse possession for more than twenty-one years, and that the title of the defendants be quieted and forever barred from claiming any right or title to said premises.

The answer of the City of Columbus admits that plaintiffs are the owners of the two lots between which the twenty-foot strip, designated as an alley, runs, but alleges that the same had been dedicated as a public highway and accepted by the Board of County Commissioners of Franklin County, which is of record in Plat Book 1, page 248, Recorder's Office, Franklin County, Ohio.

It alleges further that since the said dedication the area involved was duly annexed to the City of Columbus, affirmatively denies the adverse holding and also denies generally all of the other allegations con-

tained in the petition not specifically admitted to be true. No issue was raised by the other defendants, who are the heirs of the subdividers of the tract. So as to these the relief sought in the petition will be granted and the plaintiffs' motion for a judgment, sustained.

Now, the questions presented are: (1) Was the alley duly dedicated and accepted as a public thoroughfare? and (2) has it been held adversely by the plaintiffs for a period in excess of twenty-one years as provided in §2305.05 R. C.?

The record reveals that in the year 1906 Lyman H., Charles L., Nettie A. and Sarah A. Innis subdivided a tract of land in Franklin County, made a plat thereof and dedicated the said alley as a public highway therein, all of which was accepted by the Board of County Commissioners, and the same was duly recorded. It is admitted that the owners signed the plat but their signatures were neither witnessed nor acknowledged. It is urged by the plaintiffs that because of these failures in the execution of the plat there was no statutory dedication and the plaintiffs' claim of adverse possession should be sustained. An acknowledgment by an officer authorized to take acknowledgments to deeds is required under §711.04 R. C. (§5383 GC), but the defendants urge that the dedication may be considered as one for road purposes and §5553.31 R. C., would become applicable. This section provides:

"Any person may, with the approval of the board of county commissioners, dedicate lands for road purposes. A definite description of the lands to be dedicated with a plat of such lands thereto attached and signed by the party dedicating such lands, with the approval and acceptance of the board indorsed thereon, shall be placed upon the proper road records of the county in which such road is situated. If the lands so dedicated * * *."

It will be noted that this statute requires no acknowledgment but only that the plat shall be signed by the party dedicating such lands. approved and accepted by the board of commissioners and filed for record. All of these requirements have been complied with. Hence it is our conclusion that there has been a statutory dedication of this alley. However, should this determination be incorrect, there can be no question of it being a dedication under the common law. The record is clear and convincing that the dedication was intended by the owners of the land and that the same was accepted by the Board of Commissioners on behalf of the public. The plat in question contains the following notation:

"Approved this 1st day of March, A. D. 1906, and the roads, streets and alleys therein dedicated to public use, are hereby accepted as such for the County of Franklin, State of Ohio."

This approval and acceptance was signed by the three County Commissioners then in office. These facts are sufficient to establish a common law dedication.

In Railroad Co. v. Roseville, 76 Oh St 108, it is said in paragraph 1 of the syllabus:

"To show the establishment of a street by a common law dedication, it is essential to prove clearly that the owner of the land intended to donate it for that use, and to prove also an acceptance."

In **Byerlyte v. City of Cleveland, 32 Abs 609,** the second paragraph of the syllabus provides:

"It is not necessary to have a statutory dedication in order to achieve a public thoroughfare; there may be a common law acceptance either by the municipality or by public use."

See also, **Fulton v. Mehrenfeld, 8 Oh St 440; Scott v. Snyder, 73 Oh Ap 424.**

The City of Columbus also urges, and we think properly so, that the plaintiffs are estopped to question the validity of the dedication. It was stipulated that sales in the platted subdivision, including the sale of lot No. 64 to the plaintiffs, were made with reference to the plat in that subdivision.

In **17 O. Jur. 2d, 28, Sec. 26,** the author states:

"It is well established in Ohio, in accordance with the general rule elsewhere, that where the owner of real property makes a plat thereof, showing streets, alleys, squares, or commons, and sells lands with reference to such plat, and the streets or other ways or places indicated thereon are used by the public, he thereby, in the absence of any circumstances to show that they are limited or restricted to a private use or purpose, dedicates them to a public use. This was the rule prior to the enactment of any statute providing for the recording of plats of a subdivision of property, and even since the enactment of the statute, a valid dedication of property to a public use may still result from the platting or laying out of ground on the usual common-law principles, where such platting or laying out is not sufficient to constitute a statutory dedication. * * *"

In **Cincinnati v. Leeds, 3 Oh Ap 123,** the court says on **pages 130, 131:**

"It has been repeatedly held that where the owner of real property makes and records a plat showing streets, highways or public squares, and sells land with reference to that plat and the streets, highways or public squares thereon are used by the public, he thereby dedicates them to the public. And this is true whether the plat is properly executed and acknowledged or not. 13 Cyc., 455, and cases cited; Daiber, et al. v Scott, 3 C. C., 313; Wright v. Oberlin, 23 C. C., 509, 511; Doren v. Horton, 1 Dis., 401, 404; **Brown v. Manning, et al., 6 Ohio, 298, 303; Huber, et al. v. Gazley, et al., 18 Ohio 18.**"

See also, Thompson v. City of Columbus, 22 O. N. P. (N. S.) 33.

It is conceded that when the plat was filed for record, the land was outside any village or municipality, but in 1920 it was annexed to the City of Columbus; hence the City is a proper party defendant.

The next question for consideration is whether or not the plaintiffs acquired title to the strip of ground by prescription. It is said in **1 O. Jur. 2d, 765,** that municipal corporations are not subject to the loss of their property by adverse possession or prescription, and that no public body holding rights in the streets or highways can lose the same by such methods. However, there appears to be an exception to this general rule which is found in §2305.05 R. C. This statute provides that when a street or alley is enclosed with a fence and has remained in the open and uninterrupted use of such owners for a period of twenty-one

years, the public easement shall be extinguished. The specific requirement of this section is that the alley be "enclosed with a fence." Now the facts in this case do not show that there ever was a fence surrounding this alley. There was a fence for many years along the entire west line and also an obstruction across the south end, but the east border and north entrance contained no fence or other obstruction. Hence it may not be said that the alley was enclosed. The word "enclosed" is defined in Patterson's Law Dictionary, 4th Ed. as follows:

"To surround; to encompass; to bound; fence, or hem in on all sides."

The case of **Orangeville v. Powell, 69 Abs 440,** is in accord with the definition, supra. The first paragraph of the syllabus of ·this case provides:

"Under the provisions of §2305.05 R. C., providing for the acquisition of the ·title to streets by the adjoining land owner through adverse possession it is an absolute requirement that the street be fenced and remain in the possession of the original proprietors and where the evidence shows that neither of these requirements have been fulfilled no title is acquired by the adjoining landowner."

We are of the opinion that the requirements of the cited section of the Code have not been established and that the plaintiffs' cause of action must fail. Our judgment will be rendered for the City of Columbus, defendant, for costs of suit.

PETREE, PJ, BRYANT, J, concur.