WYATT et al., Appellants,

v.

OHIO DEPARTMENT OF TRANSPORTATION et al., Appellees.

[Cite as *Wyatt v. Ohio Dept. of Transp.* (1993), 87 Ohio App.3d 1.]

Court of Appeals of Ohio,
Lake County.

No. 92–L–110.

Decided April 2, 1993.

*B. Lawrence Allen,* for appellants.

*Lee I. Fisher,* Attorney General, and *Gerald A. Rocco,* Assistant Attorney General, for appellee Ohio Department of Transportation.

*Steven C. LaTourette,* Lake County Prosecuting Attorney, and *Michael P. Brown,* Assistant Prosecuting Attorney, for appellee Lake County Board of Commissioners.

*Michael P. Brown,* for appellee Lake County Auditor.

---

FORD, Presiding Judge.

This case comes from the Lake County Court of Common Pleas. Appellants, William C. and Elizabeth B. Wyatt, appeal from the trial court's June 18, 1992 order granting summary judgment in favor of appellees, the state of Ohio, the Lake County Board of Commissioners, and the Auditor of Lake County.

Appellants own real property which lies to the west of and abuts Reynolds Road (State Route 306), Mentor, Lake County, Ohio, which runs north and south. Their ownership interest extends to the center line of Reynolds Road. Presently, appellants' land is subject to an existing highway easement. The state has taken

action to widen the existing paved portion of Reynolds Road within such easement; however, appellants have filed a quiet title action in an effort to prevent the widening of the road on the western side.

Appellants assign the following as error:

"1. The court erred in granting summary judgment when the roadway records clearly present a factual dispute as to the roadway width being 40 to 60 feet.

"2. Court erred in granting summary judgment upon the issue of adverse possession.

"3. The court erred in granting summary judgment upon the issue of abandonment which is a factual determination for a jury.

"4. The court erred in granting summary judgment upon the issue of equitable estoppel wherein the defendants failed to present any facts contrary to the plaintiffs."

Summary judgment may be properly granted where (1) no genuine issue as to any material fact exists; (2) it appears from the evidence that reasonable minds can come to but one conclusion; and (3) viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. Civ.R. 56(C).

In the first assignment, appellants argue that the trial court erred in granting summary judgment because there was a factual dispute regarding the width of the road and the easement.

Appellants' deed and paragraph one of their complaint state that State Route 306 is sixty feet wide. The second paragraph of appellants' complaint states that State Route 306 was established on December 3, 1838 to be forty to sixty feet. Appellee Ohio Department of Transportation admitted to both paragraphs of the complaint. Thus, the trial court was permitted to rely on this portion of the pleadings in granting summary judgment. Civ.R. 56(C).

Appellants contend that the aforementioned materials create a genuine issue of material fact regarding the width of the easement. This, however, is not the case. The deed says that the road is sixty feet wide, which is equal to the outer edge of the forty to sixty feet range. These facts are not in conflict, but rather, are complimentary and lead to a conclusion that the easement is sixty feet. The first assignment is meritless.

In their second assignment, appellants argue that the trial court erred in granting summary judgment on their adverse possession claim because R.C. 2305.05 mandates otherwise. R.C. 2305.05 reads:

"*If a street* or alley, *or any part thereof,* laid out and shown on the recorded plat of a municipal corporation, has not been opened to the public use and occupancy of the citizens thereof, or other persons, *and has been enclosed with a fence by the owners of the inlots, lots, or outlots lying on, adjacent to, or along such street* or alley, or part thereof, and has remained in the open, uninterrupted use, adverse possession, and occupancy of such owners for the period of twenty-one years, and if such street, alley, inlot, or outlot is a part of the tract of land so laid out by the original proprietors, the public easement therein shall be extinguished and *the right of such municipal corporation,* the citizens thereof, or other persons, and the legislative authority of such municipal corporation and the legal authorities thereof, to use, control, or occupy so much of such street or alley as has been fenced, used, possessed, and occupied, shall be barred, except to the owners of such inlots or outlots lying on, adjacent to, or along such streets or alleys who have occupied them in the manner mentioned in this section." (Emphasis added.)

Appellants concede that no fence was erected; however, they invite this court to examine the underlying policy considerations behind the fence requirement, which they imply are to exclude the public and to show that the possession is hostile. Furthermore, they maintain that they have utilized the property as a parking lot and display area for retail merchandise totally exclusive to the public, allowing access only to their business invitees.

While the foregoing may be true, it cannot serve as a substitute for the fence requirement. The statute mandates the erection of a fence. When a fence is not constructed, the municipality is not on notice that the use of the land is hostile, and is not in the posture of knowing it must act or lose its interest. Additionally, the statute only applies to streets which have not been opened. Clearly, Reynolds Road has been opened to the public. However, even if we were to conclude that appellants complied with the statute, the statute would have no application because the state is the party with the easement, not the municipality.

Last, generally, adverse possession cannot be applied against the state or its political subdivisions. *1540 Columbus Corp. v. Cuyahoga Cty.* (1990), 68 Ohio App.3d 713, 718, 589 N.E.2d 467, 470–471; *Haynes v. Jones* (1915), 91 Ohio St. 197, 110 N.E. 469; *Hernik v. Dir. Of Highways* (1959), 169 Ohio St. 403, 80 O.O.2d 438, 160 N.E.2d 249. There are exceptions to the general rule, *Brown v. Monroeville Local School Dist. Bd. of Edn.* (1969), 20 Ohio St.2d 68, 49 O.O.2d 347, 253 N.E.2d 767, paragraph one of the syllabus (private litigant can rely upon adverse possession to obtain title to land held in trust by board for school purposes); *LTV Steel Co., Inc. v. Cleveland* (Oct. 15, 1987), Cuyahoga App. No. 53827, unreported, 1987 WL 18489 (R.C. 2305.05 is a limited exception to the general principle that municipal corporations are not subject to adverse posses-

sion); however, *Brown* has been limited to its facts, *Columbus Corp.*, 68 Ohio App.3d at 719, 589 N.E.2d at 471, and as previously stated, R.C. 2305.05 is inapplicable to our case. Accordingly, this assignment is meritless.

In the third assignment, appellants assert that the court erred in granting summary judgment on their abandonment claim.

It is undisputed that a portion of the easement has been continuously used as traffic which has always been maintained. "An abandonment is proved by evidence of an *intention* to abandon as well as of acts by which the *intention* is put into effect; there must be a relinquishment of possession with an *intent* to terminate the easement." (Emphasis added.) *West Park Shopping Ctr. v. Masheter* (1966), 6 Ohio St.2d 142, 144, 35 O.O.2d 216, 217, 216 N.E.2d 761, 763, citing *Dalton v. Johnson* (Mo.1959), 320 S.W.2d 569; *Miller v. Teer* (1942), 220 N.C. 605, 18 S.E.2d 173; *Schenck v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1919), 11 Ohio App. 164; *Wheaton v. Fernenbaugh* (1917), 8 Ohio App. 182; 2 Casner, American Law of Property, Section 8.97; 2 Thompson on Real Property, Section 443; Annotation (1952), 25 A.L.R.2d 1265. The only evidential material regarding abandonment is non-use of a portion of the easement. In *Fox v. Hart* (1842), 11 Ohio 414, 416, the court concluded that when a portion of a road is used continuously, "there is nothing to authorize the presumption, that any portion of it had been abandoned or would not be occupied as soon as the public convenience should require." Thus, standing alone, non-use of a portion of the road cannot establish that the easement was abandoned because intent is not proven. This assignment is without merit.

In the fourth assignment, appellants maintain that the court erred in granting summary judgment on their equitable estoppel claim.

A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which the party bears the burden of production at trial. *Wing v. Anchor Media Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099; *Bade v. Gen. Motors Corp.* (Dec. 20, 1991), Geauga App. No. 90–G–1599, unreported, 1991 WL 274499; *Bellian v. Bicron Corp.* (Dec. 18, 1992), Geauga App. No. 92–G–1695, unreported, 1992 WL 387354. Appellants have not met such burden.

Appellant William C. Wyatt's affidavit states that all allegations in the complaint are true. A review of the complaint reveals that appellants allege their possession of the disputed land has been hostile and without permission of appellees; however, the complaint also alleges that appellees did knowingly and willfully assent and permit and promise appellants the continued use, occupancy and possession of the land in question. Essentially, appellant's affidavit is a restatement of his complaint and nothing more. Furthermore, it is obvious that

appellants cannot be holding land both with and without permission, as the two allegations are contradictory.

Civ.R. 56(E) states that a party may not rest upon mere allegations in his pleadings, but must set forth *specific* facts showing that there is a genuine issue of fact for trial. Appellants' complaint is not specific, nor does the affidavit articulate any specific facts regarding a promise. Therefore, summary judgment was appropriate.

■ Moreover, as previously stated, the allegations in the complaint as incorporated by the affidavit are contradictory. In *Bicron, supra,* at 14, we said:

" '[A] party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts his earlier deposition testimony.' *Gagne v. Northwestern National Insurance Co.* (C.A.6, 1989), 881 F.2d 309, 315."

It is a logical extension to conclude that a party may not advance as true two completely opposite facts in order to create a genuine issue for summary judgment purposes.

Additionally, in *Ohio Dept. of Adm. Serv. v. Morrow* (1990), 67 Ohio App.3d 225, 236, 586 N.E.2d 259, 266, the court made the following observation:

"While there are few reported decisions on this issue, we believe the law in Ohio to be that equitable estoppel will not defeat an ejectment action brought by the state. Such a ruling is logically consistent with the principle that adverse possession will not run against the state of Ohio. Were we to rule otherwise, then the principle would be easily circumvented by the adverse claimant improving the adversely held land and then using a plea of equitable estoppel rather than adverse possession. We are not persuaded that the name given to a defense is more important than the end result." (Citations omitted.)

We agree with such conclusion. Furthermore, such determination is not contrary to *Figler v. Willoughby* (Feb. 25, 1991), Lake App. No. 88–L–13–224, unreported, 1991 WL 25466, because the *Figler* court only addressed summary judgment issues, not whether a claim for equitable estoppel could be advanced against the state. In order to extinguish the state's easement, it would appear that one should follow the procedure announced in R.C. 5501.45.

Based upon the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and NADER, JJ., concur.