DAVIS et al., Appellants,

v.

IOFREDO et al., Appellees.

[Cite as *Davis v. Iofredo* (1998), 127 Ohio App.3d 367.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72367.

Decided April 27, 1998.

368

*Benesch, Friedlander, Coplan & Aronoff, Edward Kancler* and *Mark A. Phillips,* for appellants.

*Thompson, Hine & Flory, Samuel R. Knezevic* and *Donald P. Screen,* for appellee, Lee Road Nursery, Inc.

*Calfee Halter & Griswold, C. Richard Brubaker, Phillip J. Campanella, David J. Carney* and *William T. Smith; Mondello & Levey* and *Craig L. Moore; William Tousley Smith,* for appellee, Shirley P. Iofredo.

---

NAHRA, Judge.

Appellants, Davis and Margolis, entered into an agreement with appellee, Shirley P. Iofredo, for the purchase of property in Moreland Hills, Ohio. The property was formerly the site of a gasoline service station. The agreement provided that the purchasers would complete future remedial actions required by the Ohio Bureau of Underground Tank Regulations. The agreement further provided that "Buyer shall use Hemisphere Corporation, an Ohio corporation owned and controlled by the buyers, to complete such Future Remedial Actions." The purchase price was $20,000.

The agreement between appellants and Iofredo was subject to the grant of a right of first refusal from Iofredo to appellee, Lee Road Nursery, Inc. Upon being notified of the pending sale to Davis and Margolis, Lee Road Nursery, Inc. elected to exercise its right of first refusal and purchase the property for the price of $100,000, as contained in the grant of the right of first refusal. In exercising its right of first refusal, Lee Road Nursery, Inc. agreed to all of the terms and conditions of the agreement between appellants and Iofredo except as to using the Hemisphere Corporation to do the remedial work.

When appellants were notified that Lee Road Nursery, Inc. had exercised its right of first refusal and Iofredo was going to complete the sale to Lee Road Nursery, Inc., they filed suit for declaratory judgment and an injunction. Appellants' sole claim was that the grant of the right of first refusal required Lee Road Nursery, Inc. to buy the property on the same terms and conditions as those offered by appellants (except as to price), and since they did not agree to use Hemisphere Corporation to do the remedial actions, they were not buying on the same terms and conditions and Iofredo should be enjoined from selling to Lee Road Nursery, Inc. and instead should be required to convey to them.

Appellants sought a temporary restraining order and a preliminary injunction. The court ruled that requiring the use of Hemisphere Corporation to do the remedial action was not a material term or condition that had to be met by Lee Road Nursery, Inc. Judgment was thus entered for appellees Iofredo and Lee Road Nursery, Inc., and appellants appealed.

On appeal, appellants claim that (1) the court erred in entering final judgment when the sole issue was whether a preliminary injunction should be granted, and (2) in finding the provision in question not to be material, the court was rewriting

the contract of the parties. These claims were set forth in appellants' assignments of error as follows:

"I. The trial court erred in entering a final judgment *sua sponte* where the sole issue before the court was whether a preliminary injunction should be issued, no evidentiary hearing was conducted, consolidation with a trial of the action on the merits was not ordered, and no dispositive motion was pending.

"II. The trial court erred in entering judgment in favor of appellees based on its finding of 'nonmateriality' where such result required the court to rewrite the contracts between the parties."

Appellants filed an application for a temporary restraining order and for preliminary injunction to prevent the transfer from Iofredo to Lee Road Nursery, Inc. The court, after hearing, granted a temporary restraining order to be in effect until March 20, 1997, "or until the court rules on the legal issue to wit: 'material' aspect of the right of first refusal. Briefs due 3/20/97." On March 24, 1997, the court entered final judgment as follows:

"Parties have submitted briefs on the issue relative to whether the condition that Hemisphere Corporation conducts the remediation of the property is a material aspect of the Purchase Agreement between plaintiffs and defendant Iofredo. This Court finds that it is not material, and Lee Road Nursery, Inc. has the right to exercise its valid right of first refusal in accordance with the Grant."

Appellants complain that the court's ruling was premature and without notice that final judgment would be entered. However, there was only one issue in the case, and the court indicated it would rule on that issue. Although the court could have been more specific, the sole issue was identified, briefed by the parties and, as explained below, correctly ruled upon by the court. Thus error, if any, would be harmless.

As to the materiality issue, it has long been recognized that a provision contained in a grant of a right of first refusal that states that the right must be exercised upon the same terms and conditions as are contained in a third party's offer, requires only that the right be exercised upon the same material or essential terms as are contained in such an offer. *Brownies Creek Collieries, Inc. v. Asher Coal Mining Co.* (Ky.App.1967), 417 S.W.2d 249. See, also, *C. Robert Nattress & Assoc. v. Cidco* (1986), 184 Cal.App.3d 55, 229 Cal.Rptr. 33; *Prince v. Elm Invest. Co.* (Utah 1982), 649 P.2d 820; *Northwest Television Club, Inc. v. Gross Seattle, Inc.* (1982), 96 Wash.2d 973, 640 P.2d 710; *Matson v. Emory* (1984), 36 Wash.App. 681, 676 P.2d 1029; *Vincent v. Doebert* (1989), 183 Ill. App.3d 1081, 132 Ill.Dec. 293, 539 N.E.2d 856. Further, "if the holder of the right of first refusal cannot meet exactly the terms and conditions of the third person's offer, minor variations which obviously constitute no substantial depar-

ture should be allowed. And defeat of the right of refusal should not be allowed by use of special, peculiar terms or conditions not made in good faith." *Brownies Creek,* 417 S.W.2d at 252. Moreover, if a literal matching of terms and conditions were required in a right of first refusal, an offeror, in order to defeat that right, need only include unique, peculiar, or overly burdensome conditions so as to make compliance practically impossible. *Nattress,* 184 Cal.App.3d at 72, 229 Cal.Rptr. at 43. It is axiomatic that a "seller is not entitled to reject materially different offers, only materially inferior ones; in order to prevail, the rightholder need not submit an identical offer, only an equally desirable one." *Prince, supra,* 649 P.2d at 825, fn.7.

The interest in allowing a third-party offeror and, subsequently, the party holding the right of first refusal to match such an offer is to protect the seller from any illegality and to allow the seller to obtain the benefit of his or her bargain. To constitute a similar offer the seller need merely receive an offer from the holder of a right of first refusal that is "at least as favorable" as the third-party offer. *Prince, supra.* To insist otherwise would allow the third party to benefit from what amounts to unfair practices, which would be unconscionable. The material term that Lee Road Nursery, Inc. was required to match was that it do the remedial work, not that it be required to hire appellants' company, with no specified terms and conditions, to do the work.

In exercising their right of first refusal, Lee Road properly omitted a nonmaterial and peculiar term. In all other respects Lee Road complied with the material nature of appellants' offer.

*Judgment affirmed.*

BLACKMON, A.J., concurs.

ROCCO, J., dissents.

KENNETH A. ROCCO, Judge, dissenting.

I respectfully dissent from the majority's finding on appellants' first assignment of error. I would reverse the trial court's judgment for appellees in view of the fact that a trial court is without authority to *sua sponte* treat a brief for a temporary restraining order and preliminary injunction as a motion for summary judgment. In addition, the record does not indicate that either party made an application to the court for summary judgment, and the Supreme Court has held that Civ.R. 56 does not authorize courts to enter summary judgment in favor of a nonmoving party.

Appellants' first assignment of error was that the trial court erred in entering final judgment *sua sponte* where the sole issue before the court was whether a preliminary injunction should be issued prior to trial. As the trial court's final judgment entry does not reveal under what rule or authority the court issued its judgment, we presume that the trial court issued summary judgment.

This court has held that a trial court, in absence of a written application or a request during a hearing, is without authority to *sua sponte* treat a trial brief as a motion for summary judgment. *1540 Columbus Corp. v. Cuyahoga Cty.* (1990), 68 Ohio App.3d 713, 716, 589 N.E.2d 467, 469. As in *1540 Columbus,* the record does not indicate that either party made an application to the court for summary judgment. Likewise, the record does not indicate that an oral motion for judgment was made during the hearing for a temporary restraining order. Also as in *1540 Columbus,* the record does not indicate that the parties agreed to have the case disposed of on the briefs, which were directed to the issuance of a temporary restraining order. Thus, in very similar circumstances, this court held that a trial court, in the absence of a written application or a request during a hearing, is without authority to *sua sponte* treat a trial brief as a motion for summary judgment. *1540 Columbus, supra,* at 716, 589 N.E.2d at 469.

The Supreme Court of Ohio has held that Civ.R. 56 does not authorize courts to enter summary judgment in favor of a nonmoving party. *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 51, 15 OBR 145, 147–148, 472 N.E.2d 335, 338–339. In that case, the court ruled that a party who has not moved for summary judgment is not entitled to such an order, *even if* a co-defendant had filed for summary judgment. *Marshall, supra,* at 50, 15 OBR at 146–147, 472 N.E.2d at 338. As previously stated, the record does not indicate that either party made an application to the court for summary judgment. The *Marshall* court noted that a motion for summary judgment is to be made by a party and that "[n]owhere is it intimated that a court may *sua sponte* enter summary judgment." *Marshall, supra,* at 51, 15 OBR at 147, 472 N.E.2d at 338.

Furthermore, this court has held that when a case is being heard on a motion for a temporary restraining order, a trial court may not consolidate that motion with a trial on the merits and enter judgment without clear and unambiguous notice of its intent to do so. *Turoff v. Stefaniac* (1984), 16 Ohio App.3d 227, 229, 16 OBR 243, 245, 475 N.E.2d 189, 191. In *Turoff,* the court stated that where *both* parties are present at the hearing for a temporary restraining order, rather than it being an *ex parte* proceeding, the trial court may treat the motion as one for a preliminary injunction. *Turoff, supra,* at 228, 16 OBR at 243–245, 475 N.E.2d at 190–191. A court *may* order the consolidation of a hearing for a preliminary injunction with a trial on the merits, *id.;* however, the court in such a case must provide the parties with "notice that the case is, in fact, being heard on the

merits." *Id.* at paragraph two of the syllabus. The procedural situation in the case *sub judice* is identical to that in *Turoff* and should lead us to a similar result:

"The trial court clearly stated that the case was being heard on a motion for a temporary restraining order. There is no indication that either party knew that the case was being heard on the merits. This lack of notice undoubtedly prejudiced the rights of appellant by preventing him for thoroughly preparing his case for trial." *Turoff, supra,* at 229, 16 OBR at 245, 475 N.E.2d at 191.

The court remanded the case for a trial on the merits.

We have held that a trial court, in the absence of a written application or a request during a hearing, is without authority to *sua sponte* treat a trial brief as a motion for summary judgment. *1540 Columbus Corp., supra,* 68 Ohio App.3d at 716, 589 N.E.2d at 469. The record does not indicate that either party made an application to the court for summary judgment, and the Supreme Court has held that Civ.R. 56 does not authorize courts to enter summary judgment in favor of a nonmoving party. *Marshall, supra,* 15 Ohio St.3d at 51, 15 OBR at 147–148, 472 N.E.2d at 338–339. In addition, the trial court stated that the case was being heard on a motion for a temporary restraining order, and there is no indication that either party knew that the case was being heard on the merits. This court has found that such lack of notice prejudiced the rights of a party. *Turoff, supra,* 16 Ohio App.3d at 229, 16 OBR at 245, 475 N.E.2d at 191.

Consequently, I would find that appellants' first assignment of error has merit. I would vacate the final judgment of the trial court and remand the case for further proceedings below. I respectfully dissent.