OPINION
Petitioners-Appellants, Charles M. Anderson, et al., ("Appellants"), appeal the decision of the Hardin County Court of Common Pleas overruling their petition to vacate a grass covered alley located in the village of Alger, Ohio. For the following reasons, we affirm in part and reverse in part the decision of the court below.
The pertinent facts of the case are as follows. On August 5, 1997, Appellant and numerous other residents filed a petition to vacate the southern most east-west alley of the village of Alger. The alley is located south of Belmont Street and between Front Street and State Route 235.
The village council voted upon the matter and found that vacation of the alley was not in the best interest of the municipality. Therefore, the Appellants' petition to vacate the alley was rejected. The matter then proceeded to trial in November of 1997. On September 15, 1998, the trial court overruled the Appellants' petition to vacate the alley.[1]
Appellants now appeal, asserting two assignments of error. Appellee also appeals, asserting in its cross appeal two assignments of error.[2] We will now address the Appellants' assignments of error as set forth below.
Assignment of Error No. I
 The trial court erred to the Appellant's [sic] prejudice by not vacating the alley as a matter of law pursuant to O.R.C. Section 723.09 when the alley has been abandoned since its dedication and used exclusively by the adjoining land owners [sic].
Appellants assert in their first assignment of error that the trial court erred in failing to find that the alley had been abandoned by the village of Alger. For the following reasons, we do not agree.
R.C. 723.09 provides as follows:
 The court of common pleas may, upon petition filed in such court by any person owning a lot in a municipal corporation, for the establishment or vacation of a street or alley in the immediate vicinity of such lot, upon hearing, and upon being satisfied that it will conduce to the general interests of such municipal corporation, declare such street or alley established or vacated, but this method shall be in addition to those prescribed in sections 723.04 to 723.08, inclusive, and section 723.02 of the Revised Code.
The plain language of the foregoing statute makes it clear that before granting a petition for vacation of an alley, the trial court must hold a hearing and consider evidence on the issue of whether the vacation of the property will promote the general interest of the municipality. The burden of proof is upon the petitioners to establish the prerequisite to the satisfaction of the trial court. Bayer v. North College Hill (1986), 31 Ohio App.3d 208; Bretell v. City of Steubenville (Oct. 25, 1990), Jefferson App. No. 89-J-44, unreported.
It is well-settled that a municipal corporation holds only a determinable fee for land used as streets or alleys. State ex rel. Bedard v. Lockbourne (1990), 69 Ohio App.3d 452. The adjacent landowners retain the reversionary interest in the land when the city abandons its use. Id.
In order for a street to be abandoned by non-use, several requirements must first be met. First, the non-use must have been for at least twenty-one years. Nail Iron Co. v. Furnace Co. (1889), 46 Ohio St. 544, paragraph two of the syllabus. All acts of enjoyment upon the property also must have totally ceased for twenty-one years. Id. at 548; see, also, State ex rel. Stickles v. City of Maumee (Feb. 19, 1999), Lucas App. No. L-98-1143, unreported; Fondriest v. Dennison (1966), 8 Ohio Misc. 75, 79
(street must be "utterly abandoned" for twenty-one years). Finally, there must be intent to abandon on the part of the municipality. Wyatt v. Ohio Dept. of Transp. (1993), 87 Ohio App.3d 1,3-4.
In the case before us, the trial court found that the village of Alger had maintained sufficient use of the alley so as to maintain ownership thereof. Specifically, the trial court found that a storm sewer and water line that currently traverse the alley in a north-south direction establish sufficient use of the alley by the village of Alger.
It is well-established that an appellate court will not reverse factual determinations by a trial court if the determinations are supported by any competent, credible evidence. See Security Pacific Natl. Bank v. Roulette (1986), 24 Ohio St.3d 17,20; C.E. Morris Constr. Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 280. Therefore, we afford great deference to the trial court's decision upon this matter. A careful and thorough review of the record reveals competent, credible evidence to support the trial court's factual determinations.
Although the evidence does unequivocally establish that the alley is in poor condition and, at the present time, is impassable, we find these facts qualitatively and quantitatively insufficient to establish that the alley was abandoned. "[A] street or alley is not abandoned even if it is in bad condition, difficult to use, impassable at times, or if no work was done upon it, if the municipality has exercised some dominion over it." (Emphasis added.) Fondriest, 8 Ohio Misc. at 79; Nail Iron Co. v. Furnace Co., 46 Ohio St. at 548.[3]
In conclusion, we find competent, credible evidence to support the trial court's decision that the village of Alger has not abandoned the subject alley, and has exercised some dominion over it. Thus, we find that the Appellants' proposition lacks merit. Accordingly, the Appellants' first assignment of error is overruled.
Assignment of Error No. II
 The trial court erred to the prejudice of the Appellant by not finding that the alley in issue was vacated by the adverse possession of the adjoining land owners [sic].
Appellants assert in their second assignment of error that the trial court erred in failing to find that the alley was vacated through adverse possession. For the following reasons, we do not agree.
Again, this Court must determine whether there is competent, credible evidence supporting the trial court's finding that the Appellants are not entitled to the disputed land through adverse possession. Adverse possession is a means of acquiring title to property and its ultimate effect results in the ripening of hostile possession, under certain circumstances, into title by lapse of time. Montieth v. Twin Falls Methodist Church (1980),68 Ohio App.2d 219, 224. Title to property by adverse possession ripens into an absolute interest after the statutory period has expired. Ohio Dept. of Adm. Serv. v. Morrow (1990, 67 Ohio App.3d 225,234. At the same time, the record owner is divested of his estate in the subject property. Id.; see, also, McNeely v. Langan (1871), 22 Ohio St. 32, 37.
"[T]he burden of proving adverse possession falls upon the party asserting title through such possession." Thompson v. Hayslip (1991), 74 Ohio App.3d 829. The Supreme Court of Ohio recently held in Grace v. Koch (1998), 81 Ohio St.3d 577, 581 that to acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years.
Modern law, however, generally disfavors the transfer of property by adverse possession. See Grace, 81 Ohio St.3d at 580; Montieth, 68 Ohio App.2d at 224; Demmit, 16 Ohio App.3d at 141. Therefore, claims based upon adverse possession are to be strictly construed in favor of the person who has title to the property. Montieth, 68 Ohio App.2d at 224.
In the present case, the alley in question has been the property of the village of Alger since its dedication in 1914. The modern trend in Ohio is that adverse possession cannot be applied against the state and its political subdivisions. Wyatt,87 Ohio App.3d at 4; Haynes v. Jones (1915), 91 Ohio St. 197; Hernik v. Director of Highways (1959), 169 Ohio St. 403; 1540 Columbus Corp. v. Cuyahoga Cty. (1990), 68 Ohio App.3d 713.[4]
R.C. 2305.05, however, is an exception to the general principle that municipal corporations are not subject to property loss by adverse possession or prescription. R.C. 2305.05 provides that where a municipal alley has not been open for public use, and an adjoining property owner fences it in and it remains in open, uninterrupted use for the twenty-one year period, the municipality is on notice that the use of land is hostile, and has notice that it must act or lose its interest.
In construing the meaning of R.C. 2305.05, numerous appellate districts throughout Ohio have held that the statutory requirement of the erection of a fence is an absolute necessity under the law. See, e.g., Village of Spencer v. Myers (July 9, 1998), Medina App. No. 2710-M, unreported; Whitehouse v. Hill (July 28, 1989), Lucas App. No. L-88-341, unreported (holding that fence exception of statute does not apply to the encroachment of garage upon street); Rocco v. City Fairview Park (Feb. 12, 1998), Cuyahoga App No. 72263, unreported (where a fence has not been erected, an adverse possession claim cannot survive); Wyatt, 87 Ohio App.3d at 4
(rejecting similar policy arguments in favor of a strict reading of the fence requirement of R.C. 2305.05); In re Application of Loose (1958), 107 Ohio App. 47, paragraph three of the syllabus.
In the case before us, the trial court held that the permanent buildings erected upon the alley "serve the purpose of total exclusion of members of the public from those areas upon which the buildings are erected." Therefore, according to the trial court, "[the buildings] provide notice of an intent to create an exclusive occupancy of those areas which they cover * * *."
Upon careful consideration, we find that the trial court erred in holding that R.C. 2305.05 does not require the erection of an actual fence. We reject the trial court's argument in favor of a strict reading of the fence requirement of R.C. 2305.05.
In conclusion, we find that the subject alley, including those portions that are occupied by permanent structures therein, is not subject to any claim of adverse possession. Accordingly, the Appellants' second assignment of error is overruled. This cause is remanded to the trial court for further proceedings consistent with this opinion.
 Judgment affirmed in part and reversed in part.
WALTERS and SHAW, JJ., concur.
[1] We note that the Appellants' petition to vacate was overruled except as to the extent of the permanent structures located upon that portion of the alley abutting the property of Paul Myers and Diana Myers.
[2] We will address Appellee's cross assignments of error in the text of our discussion of the Appellants' assignments of error.
[3] We also note that in 1996 the Alger Village Council proposed that a portion of the subject alley be cleared of shrubs and trees so as to allow for the installation of a drain tile on the property. Although the project was not accomplished, we find the proposal clearly indicative of the intent to maintain the alley as the property of the municipality.
[4] Although the Supreme Court of Ohio in Cincinnati v. First Presbyterian Church (1838), 8 Ohio 298 and Cincinnati v. Evans (1855), 5 Ohio St. 594 granted claims of adverse possession against a municipality, the modern view in Ohio is that adverse possession cannot be applied against municipal corporations.