THE HARKNESS & COWING CO. ET AL. *v.* THE
VILLAGE OF ST. BERNARD ET AL.

ROBERTS, ADMR., *v.* THE VILLAGE OF ST. BERNARD
ET AL.

*Establishment of public road — Notice to property owners — Effect
of failure to notify owners of land taken.*

The failure, in a proceeding for the establishment of a public county
road, to give a notice required for the purpose of furnishing
an opportunity to the owner of land taken for the opening of
the road to claim compensation, does not render invalid the
proceedings for the laying out of the road.

(Decided February 7, 1917.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Albert H. Morrill* and *Mr. James E. Robinson,* for plaintiffs.

*Mr. S. B. Hammel* and *Mr. John R. Quane,* for defendants.

JONES, OLIVER B., J. These two cases were heard together on appeal from the court of insolvency, as they involve the same issues,

Two questions are involved in the cases: first, whether Murray Road, within the village of St. Bernard, running from Carthage avenue to the Miami. canal, was a public highway at the time the improvement was made; and, second, whether the several tracts of land assessed for this improvement of Murray Road would be benefited by the improvement in an amount equal to the amount assessed against them.

A great deal of interesting evidence was offered in regard to the original use of this road. It was shown that it was opened as a private road or lane, and has been used for at least 75 years, and that during the latter part of that time it was used more or less by the general public in passing between Carthage avenue and the canal bridge. But it is not necessary in this proceeding to determine the character of the road prior to the year 1890. At that time, upon a petition filed by James M. Murray and others, under proceedings for the laying out of the county road, as provided by law, the county commissioners took certain proceedings and laid out a county road over the line of Murray Road, as later improved, and extending from Carthage avenue clear to Paddock Road. A record of these road proceedings, from the county records, has been produced in evidence. These proceedings show that notices were given in accordance with Section 4641, Revised Statutes (Sections 6865 and 6866, General Code); that the regularity of these notices was found by the county commissioners, and the viewers appointed, as provided by Section 4642, Revised Statutes (Section 6867, General Code); and that the view-

ers and county surveyor proceeded to lay out the road.

It is objected that this record fails to show that notices were given under Section 4645, Revised Statutes (Section 6872, General Code), to the owners of land on the north and south sides of this road between the canal and Carthage avenue, although the record does show that notices were given to property owners for that part between the canal and Paddock Road. The failure to give this notice is the only objection made by the plaintiffs as to the regularity of these road proceedings, and they contend, because of the failure of the record to show such notice, that such part of the road never became a public county road.

The omission to give the notice required by Section 4645, Revised Statutes, would not render the proceedings for the laying out of the county road invalid. The notice required by that section is for the purpose of furnishing an opportunity to the owner of land taken for the opening of a county road to claim compensation. If such landowner was not properly notified, his right to compensation might not have been cut off by the proceedings. Whether or not he was duly compensated is not material to this case, but the fact that no compensation was claimed or allowed rather goes to show that that part of the road had already become by use a public road. But whether so or not, the notice required by the last-mentioned section is not jurisdictional in its nature. *Beebe* v. *Scheidt et al.,* 13 Ohio St., 406, and *Hasler et al.* v. *Hitler et al.,* 11 W. L. B., 246 (Pickaway Co. Dist. Ct.).

By these proceedings Murray Road became a county road, was regularly platted and recorded as such in the county road records, and was so recognized by the county commissioners in March 1892 in their appointment of a bridge-tender for the bridge at the canal. It was indicated as a county road on the annexation plat, when the tract in which it was located was annexed to the village of St. Bernard, and was so recorded in the recorder's office. And as such county road it became by such annexation a public street of the village of St. Bernard. *City of Steubenville* v. *King,* 23 Ohio St., 610.

But, outside of the proceedings of the county commissioners in laying out this highway as a county road, the action of W. G. Roberts, trustee, and of the Ross heirs, in making their deed to the Norfolk & Western Railway Company, with their plat attached thereto, which was recorded in the recorder's office, and in executing subsequent deeds and leases, in which descriptions were made referring to such plat and recognizing Murray Road as a public highway, operated as a dedication of Murray Road, if it was not already a public street. Especially does this appear, when coupled with recognition of its existence as a public street, by the action of the village in putting waterpipe and electric lights therein, cinder sidewalk and temporary macadam repairs thereon, and passing the ordinance establishing the grade and ordering its improvement. *City of Cincinnati* v. *Leeds,* 3 Ohio App., 123; *Winslow* v. *City of Cincinnati,* 6 N. P., 47, and *Wright* v. *Village of Oberlin,* 3 C. C., N. S., 242.

·The Harkness & Cowing Company and The Elmwood Castings Company both joined in a petition for the improvement of this part of Murray Road, in which it was described as a public thoroughfare, and both of these companies are therefore estopped from questioning the title of the village, or its right to improve Murray Road. *Tone* v. *City of Columbus,* 39 Ohio St., 281.

The court is therefore compelled to hold against the plaintiffs on the first proposition, and find that Murray Road was a public highway at the time the improvement was made.

The assessment made in this case was on the benefit plan. Murray Road affords the only access as to all the tracts of land in the case, except the one at the corner of Carthage avenue, and it cannot be found under the evidence that the improvement of this road was of no benefit whatever to these tracts of land, merely because they are now used for manufacturing purposes, or are most available for such purposes.

A full consideration of all of the evidence offered leads the court to believe that all of these tracts have been benefited to the extent of the several amounts assessed upon them.

The petitions in both cases must therefore be dismissed at the costs of the plaintiffs.

*Petitions dismissed.*

JONES, E. H., P. J., concurs.
GORMAN, J., not participating.