SROKA *v.* THE GREEN CAB CO. ET AL.

(Decided December 23, 1929.)

*Mr. Frank S. Day* and *Mr. Leonard E. Ginsburg,* for plaintiff in error.

*Mr. Ray T. Miller, Mr. D. R. Hertz* and *Messrs. McConnell, Blackmore & Cory,* for defendants in error.

SULLIVAN, J. By request of the prosecuting attorney this opinion is written, having distinct application to the defendant the board of county commissioners of Cuyahoga county.

The plaintiff, John Sroka, in his original petition for the recovery for personal injuries arising from the alleged defective condition of a certain street in the village of Garfield Heights, Cuyahoga county, amongst other allegations, makes use of the following: "Plaintiff further says that East 71st street is a county road running in a general northerly and southerly direction, and an accepted and much travelled public highway, and lying within the county of Cuyahoga, and that said East 71st street, within the Village of Cuyahoga Heights is maintained, repaired and controlled by said County of Cuyahoga through its Board of County Commissioners."

It is to be noted that the only clause imposing a duty upon the board of county commissioners to maintain and repair is that East Seventy-First street is a county road, and it will be seen at once that without the allegations of any facts the mere statement is a conclusion of law, and that in the consideration of the demurrer filed against the petition by the board of county commissioners it can be treated as mere surplusage.

The demurrer was sustained by the common pleas court and this court, but there was an overruling of the claim that the action was barred by the statute of limitations. The demurrer by the board was sustained largely because it appeared that East Seventy-First street was within the territory of the village of Garfield Heights, and, in the absence of necessary allegations showing the refusal of the authorities of this village, there appears no duty as to maintenance and repair imposed upon the board of county commissioners.

A reading of Section 2408, General Code, upon which the action is based, shows that the board may be sued in any court, and shall be liable in its official capacity for damages by reason of its negligence in not maintaining public streets or county roads in proper repair. It is obvious, and so stated in the authorities, that this statute in its nature is remedial and creates in and of itself no substantive privileges or obligations. There is no provision that it is the duty of county commissioners to maintain public streets or county roads in proper repair, but they are liable, however, in their official capacity for neglect wherever it is proper to keep the roads in repair. The duties are set forth in Section 7464, General Code, which provides that county roads shall be maintained by the county commissioners, and from it we observe that the roads applicable to this maintenance by the county commissioners are all roads which have been or may be improved by the county or heretofore built by the state and not a part of the state system, together with such roads as may be constructed by the township to conform to the standard for county roads.

From a reading of the petition we find no relationship to the roads in question, and thus there does not appear any duty on the part of the county commissioners to maintain the road in repair, and thus appears the deficiency of the petition and for which the demurrer lies.

In the consideration of the question we cannot pass without noticing that the road in question was within the village of Garfield Heights. A county road loses its character as such as soon as it becomes located within the limits of an incorporated village. Thereafter it must be treated as one of the streets of the village. *City of Steubenville* v. *King*, 23 Ohio St., 610, cited with approval in *Harkness & Cowing Co.* v. *Village of St. Bernard*, 6 Ohio App., 369.

Under such a situation we think Section 3714 applies. In substance this section states that the council shall have the care and control of public highways within the corporation, and upon that body rests the duty of maintaining the streets in proper repair. There is nothing in the legislative acts that imposes a joint duty upon the board of county commissioners and the council of the village, and a reading of Section 7467 shows the contrary because it provides that the county, state, or township, or any two of them, may mutually agree to expend funds for repairs upon the roads within a village, but there is no mandatory requirement imposed upon the county commissioners to act singly under such circumstances. Illuminating upon this point is *Weiher* v. *Phillips*, 103 Ohio St., 249, 133 N. E., 67, wherein the county commissioners were held not to be liable for a defective condition in certain county roads, and the reason is analogous to that used in this dis-

cussion, because the non-liability was based upon the control of the road by the state highway department.

Under Section 3714, General Code, the village of Garfield Heights had the right to control the public highway, supervise the same, and was held liable for defects upon the streets, and the municipal authorities had it within their power to create a condition which would render the county commissioners powerless.

Under Sections 6949 and 6950 the board of county commissioners could not repair the roads without the consent of the municipality, and to make repairs required the consent of the corporation under Section 6954, General Code, which provides that the consent of the council must first be obtained in situations like the one at bar.

Now the irrelevancy of the allegations of the petition, as far as the board of county commissioners is concerned, is shown by the fact that the board of county commissioners is sought to be held because of the bad condition of a street known as East Seventy-First street in the village of Garfield Heights, and, in order to recover, it would be necessary to hold that the board of county commissioners is compelled to go forward and repair without the consent of the village, even though liable for damages in case of negligence.

Holding these views, the judgment of the lower court sustaining the demurrer filed by the board of county commissioners is hereby affirmed.

*Judgment affirmed.*

VICKERY, P. J., and LEVINE, J., concur.