VILLAGE OF PENINSULA ET AL.,
APPELLANTS, *v.* COUNTY OF
SUMMIT, APPELLEE.

(Nos. 11830 and 11833—Decided July 3, 1985.)

*Leland D. Cole, Mark H. Ludwig* and *Charles E. Merchant,* for appellants.

*Kevin R. Campbell,* assistant prosecutor, for appellee.

MAHONEY, P.J. Appellants, village of Peninsula ("Peninsula") and village of Hudson ("Hudson") appeal a common pleas court judgment granting summary judgment in favor of the County of Summit ("the county"). We affirm.

The present case arises from a dispute between the county, Peninsula and Hudson as to which of them has the duty to maintain and repair Akron-Peninsula Road and Riverview Road in Peninsula, and Boston Mills Road in Hudson, and whether these roads are county roads or municipal streets.

The three roads involved were all originally established as county roads between 1807 and 1832. Hudson subsequently became incorporated in 1837, and Peninsula did the same in 1859. No formal action was ever taken to remove the disputed road portions from the county road system either before or after the incorporation of the municipalities.

From the time these roads were established until 1981, the county referred to the full length of each of them as County Highways No. 9 (Riverview Road), No. 10 (Akron-Peninsula Road), and No. 32 (Boston Mills Road) on the county highway maps and performed all necessary maintenance and repairs. The county performed these tasks without ever requesting or receiving any payment from either village. Then in 1981, the county, through its county engineer, informed Hudson, Peninsula and all other municipalities within the county that it was impossible for a county road to exist within an incorporated area, and that in the future the county would not maintain any "former county roads"

unless the municipalities contracted with the county for this service.

It appears that all of the municipalities except Hudson and Peninsula entered into such contracts.[1] Peninsula and Hudson refused to enter into such contracts feeling that these roads were still county roads and that it was the county's duty to maintain them. The county refused to maintain the roads any further.

Peninsula then filed suit against the county requesting a declaratory judgment finding that the county has the duty to maintain, and injunctive relief ordering it to maintain, those portions of Riverview and Akron-Peninsula roads located within its corporate limits. Hudson soon intervened seeking the same remedies for that portion of Boston Mills Road within its corporation limits. All parties subsequently filed motions for summary judgment and final trial briefs and submitted the cause to the court.

The trial court granted summary judgment in favor of the county finding that the portions of the roads in question were not county roads, that the duty to maintain them lies with the respective villages, and that the county was under no duty to repair or maintain them.

#### Peninsula's Assignments of Error

"The trial court erred in:

"I. Denying the motion for summary judgment of the Village of Peninsula.

"II. Granting the motion for summary judgment of the County of Summit."

#### Hudson's Assignments of Error

"I. The trial court erred to the prejudice of plaintiff-appellant Village of Hudson in overruling its motion for sum-

mary judgment in that such ruling was contrary to law.

"II. The trial court erred prejudicially in failing to find that it is the duty of the county to maintain county roads that form a part of the county highway system whether the county road is within or outside any municipal corporation."

The briefs and arguments presented in this appeal raise two legal issues: first, whether those portions of the roads in question located within the corporation limits of Peninsula and Hudson are still county highways, and second, if so, does the county or the respective village have the primary duty to repair and maintain them?

#### First Issue

The trial court found, and we agree, that the portions of the roads located within the municipalities were no longer county roads because county roads cease to exist as such when they are incorporated into a municipality. We believe such a holding is supported by the following language in *Steubenville* v. *King* (1873), 23 Ohio St. 610, 611, paragraph two of the syllabus:

"Where territory, including a public road connecting with the streets of a city, is annexed to the city, and the road continues to be used as a street or thoroughfare, it thereby becomes a 'public highway' of the city, within the meaning of section 439 of the municipal code (66 Ohio L. 222), although it has never been 'accepted and confirmed by an ordinance specially passed for such purpose,' as provided in section 440."

In *Sroka* v. *Green Cab Co.* (1929), 35 Ohio App. 438, 441, the Eighth District Court of Appeals followed *Steubenville, supra,* in holding that:

"* * * A county road loses its character as such as soon as it becomes located within the limits of an incorporated village. Thereafter it must be

---

[1] These contracts are not involved in the present suit and reportedly were entered into under the authority of R.C. 5535.08.

treated as one of the streets of the village."

This loss of its character is further inferentially supported by various holdings. In *Sparrow* v. *Columbus* (1974), 40 Ohio App. 2d 453 [69 O.O.2d 405], the court held the county commissioners could not vacate a county road located within a municipality without the consent of the municipality. (See, also, *Railroad Co.* v. *Cummins* [1895], 53 Ohio St. 683.)

Additional support for this proposition is inferred from statutes such as R.C. 5557.07 and 5557.08 which contemplate cooperative and consensual action by municipalities and counties whenever they desire to improve or widen municipal streets.

### Second Issue

Having held that the county roads lose their character when incorporated into a municipality, it necessarily follows that they became municipal streets and their repair and maintenance is the responsibility of the municipality under R.C. 723.01.

However, in so holding we do not preclude those streets from thereafter becoming part of the county road system by voluntary action of the county council pursuant to statutory authority and with the consent of the municipality. (See R.C. 5557.02.) Once the improvement is done, it may be maintained in the same manner, see R.C. 5557.08.

### Summary

We overrule the assignments of error in both cases and affirm the judgment of the trial court.

*Judgment affirmed.*

QUILLIN and GEORGE, JJ., concur.