OPINION
Appellants, Stephen K. and Linda A. Gregory, appeal the decision of the Lake County Court of Common Pleas that denied their requests for declaratory judgment relief. For the reasons that follow, we affirm the judgment of the trial court.
Appellants sought vacation of a portion of a road known as Poplar Drive which was dedicated by the Board of Commissioners of Lake County ("the Commissioners") through a plat recorded in 1924. Poplar Drive is now incorporated within the limits of the City of Willoughby ("Willoughby"). The subject portion of Poplar Drive is adjacent to appellants' property, but is an undeveloped roadway that exists on paper only. However, the remainder of Poplar Drive is developed for traffic and open to the public.
Appellees, Larry and Nancy Severino and James E. and Delores J. Wishinsky, oppose the vacation of the subject portion of Poplar Drive because they have made efforts to develop the adjacent Wishinsky property and, in fact, have sought building permits from Willoughby. According to appellees, the undeveloped portion of the road should be paved and developed to provide access to these contiguous lots on the Wishinsky property. Appellants, however, are unhappy with this plan, as the newly developed road would run adjacent and through what they now consider to be their side yard.
Appellants filed an amended complaint in the trial court seeking a declaration in their first claim that the undeveloped portion of Poplar Drive was vacated and that the Commissioners and Willoughby had no right to develop the road pursuant to R.C.5553.10. In their second claim, appellants alleged that the undeveloped portion of Poplar Drive had been abandoned under the common law, thereby extinguishing the rights of appellees and of Willoughby and the Commissioners to develop it.
The Commissioners and Willoughby filed answers to the amended complaint in which both denied that the undeveloped portion of Poplar Drive was abandoned or vacated. However, they did not further participate in the bench trial or appeal of this matter.
The trial court ultimately denied appellants' request for declaratory judgment relief and appellants perfected a timely appeal, asserting two assignments of error for our consideration:[1]
 "[1.] The trial court erred in holding that plaintiffs-appellants were not entitled to a declaratory judgment declaring the right to build the subject portion of Poplar Drive forever barred pursuant to R.C. [section] 5553.10.
 "[2.] The trial court erred in holding that the plaintiffs-appellants failed to establish abandonment of the subject portion of Poplar Drive."
In their first assignment of error, appellants complain that the trial court committed prejudicial error when it failed to declare that the right to build on the subject portion of Poplar Drive was barred pursuant to R.C. 5553.10. We disagree.
In their first claim of their amended complaint, appellants sought two declaratory judgments from the trial court. First, they sought a declaration that the subject portion of Poplar Drive was vacated pursuant to R.C. 5553.10. Second, they sought an order declaring that the right to build the subject portion of Poplar Drive was barred pursuant to R.C. 5553.10. Although appellants contend that two separate orders were requested, a review of the pertinent statute reveals that the two requests were inter-related and dependent such that only one declaratory judgment was, in actuality, sought.
R.C. 5553.10 sets forth the authority of a board of county commissioners to establish, alter, or vacate a public road. Appellants rely on the following portion of the statute to support their claims that the subject portion of Poplar Drive was vacated and that the right to build on that portion of the road was forfeited in the case at bar:
 "A road, or part thereof, which remains unopened for seven years after the order establishing it was made or authority granted for opening it shall be vacated and the right to build it pursuant to the establishment in the original proceedings therefor shall be barred."
According to appellants, they presented uncontroverted evidence that the subject portion of Poplar Drive remained unopened for seven years after the road was formally platted on paper in 1924. Thus, they believed that they were entitled to a declaratory judgment indicating that the road had been vacated pursuant to the above-quoted language of R.C. 5553.10 and that the Board of Lake County Commissioners and/or Willoughby were barred from developing the road.
In this regard, the trial court found that appellants failed to demonstrate that the statutory procedures for vacating the subject portion of Poplar Drive were fulfilled prior to the filing of the declaratory judgment action. Here, the trial court was referring to the procedures referenced in R.C. 5553.04 and R.C. 5553.05. These sections govern, among others, the procedures for petitioning a board of county commissioners for the vacation of a road, for the adoption of a resolution to vacate a public road, and for the holding of a public hearing on the matter.
The trial court also correctly noted that the Commissioners would be required to obtain the consent from the municipality in which the subject portion of Poplar Drive was located prior to vacating the road. See Sparrow v. Columbus (1974), 40 Ohio App.2d 453,471-472, (Strausbaugh, J. concurring); see, also, Peninsulav. Cty. of Summit (1985), 27 Ohio App.3d 252.
We believe the trial court correctly held that appellants failed to present evidence that the statutory provisions governing the vacation of public roads were met, and, therefore, that they were not entitled to a declaratory judgment in their favor on this claim. Here we note that the trial court was free to rule on appellants' declaratory judgment action regardless of whether "further relief is or could be claimed" pursuant to R.C. 2721.02.
Nevertheless, R.C. 5553.10 is not self-executing in nature.Cohran v. Athens Twp. Trustees (Aug. 17, 1989), Athens App. No. 1398, unreported, 1989 Ohio App. LEXIS 3275. In other words, the statute does not automatically operate to cause an unopened road to become vacated as a matter of law seven years after the date of the road's establishment.
Instead, R.C. 5553.10 must be read in pari materia with the other statutory provisions of R.C. Chapter 5553. These provisions mandate that certain procedures must be followed and that the board of county commissioners must adopt a resolution vacating a public road in order to vacate the road. R.C. 5553.04. In the absence of evidence demonstrating that these procedures were followed, and that Willoughby consented to the vacation, R.C.5553.10 alone could not operate to cause the subject portion of Poplar Drive to be vacated as a matter of law.
Appellants next argue that the trial court erred by failing to rule on their claim that the Commissioners and/or Willoughby were barred from developing the subject portion of Poplar Drive since they failed to do so within seven years of the establishment of the road in 1924. Appellants contend that this is a separate issue from the issue of whether the subject portion of Poplar Drive was vacated.
Again, we disagree. According to R.C. 5553.10, a road which remains unopened for seven years after its formal establishment "shall be vacated, and the right to build it pursuant to the establishment in the original proceedings therefor shall be barred." As we read the quoted portion of R.C. 5553.10, the barring of the right to build a road is dependent on whether the road is vacated pursuant to R.C. Chapter 5553. Once the road is vacated according to the provisions of R.C. Chapter 5553, R.C.5553.10 further clarifies that the right to build the road "pursuant to the establishment in the original proceedings" shall be barred.
In the instant case, because the barring of the right to build the road is dependent on the road being vacated, and because there were no proceedings instituted with the Commissioners to vacate the subject portion of Poplar Drive, the trial court did not err by denying appellants declaratory judgment relief in this regard. Appellants' first assignment of error is without merit.
In their second assignment of error, appellants argue that the trial court erred in holding that appellants failed to establish abandonment of the subject portion of Poplar Drive. In their amended complaint for declaratory judgment, appellants claimed vacation of the road arising from common law abandonment and non-use of the road, which abandonment thereby extinguished the rights of the Commissioners, Willoughby and appellees to build the road.
The trial court denied this claim of abandonment on the grounds that mere non-use of a portion of an otherwise used public road was insufficient to establish abandonment of the non-used portion of the road under the common law. The trial court relied on the decision of this court in Wyatt v. Ohio Dept. of Transp. (1993),87 Ohio App.3d 1 to hold that mere non-use of a portion of a public road is insufficient to establish abandonment. Instead, in addition to showing the non-use of a portion of the road, the party seeking a declaration of abandonment must also show an intent to abandon the non-used portion of the road. Id. at 5.
Appellants cited State ex rel. Bedard v. Village of Lockbourne
(1990), 69 Ohio App.3d 452 in support of their theory of abandonment. However, in Bedard, there was evidence of more than passive non-use. Apparently, at various times there had been actual private structures present on the disputed parcel. In the instant case there is no such evidence of acquiescent non-use. To the contrary the court made a factual determination that an active public storm sewer existed on the parcel.
On this point, the trial court specifically found that appellants failed to demonstrate that the Commissioners or Willoughby intended to abandon the property. Appellants argue that this finding was in error since counsel for both the Commissioners and Willoughby indicated to the trial court that they did not oppose vacation of the subject portion of the road on the grounds of abandonment. Appellants also note that neither the Commissioners nor Willoughby participated in the trial beyond the submission of their answers, and that their lack of participation is further evidence of an intent to abandon the subject portion of Poplar Drive.
We find no reason to disturb the trial court's finding that a lack of intent to abandon the undeveloped portion of Poplar Drive was not shown. First, nothing in the record before this court substantiates appellants' assertions that both the Commissioners and Willoughby indicated to the trial court that they did not care whether the trial court vacated the contested portion of the road. Off the record remarks which fail to make it into the record do not count. Thus, there is no such evidence of record. To the contrary, the trial court expressly found that appellants "did not present evidence substantiating the Board or Willoughby's intention to abandon the disputed property."
Nor do we find the Commissioners' or Willoughby's failure to participate at trial tantamount to an admission that they intended to abandon the subject portion of Poplar Drive. Indeed, both parties filed answers denying the assertions set forth in appellants' amended complaint.
As a result, the trial court correctly found that appellants failed to prove that all of the elements of common law abandonment were met. Appellants' second assignment of error is without merit.
In light of the foregoing analysis, appellants' two assignments of error are without merit. The judgment of the trial court is affirmed.
 __________________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.
[1] Appellants presented at least one additional claim below that the trial court similarly denied. However, appellants did not raise any argument in relation to this claim on appeal. Consequently, we will not delve into the same.