OPINION
Plaintiff-appellant, Mark Sanders, appeals the decision of the Butler County Court of Common Pleas granting summary judgment to defendants-appellees, the Butler County Commissioners[1] and Butler County Engineer Dean C. Foster. We affirm the decision of the trial court.
Appellant was driving westbound on Smith Road in the city of Hamilton in Butler County, Ohio when an unidentified vehicle traveling eastbound crossed the centerline. Appellant swerved right in order to avoid a collision and his vehicle left the road. At the point where appellant left Smith Road, there was a narrow berm and grass next to a sixteen foot high drop-off supported by a concrete abutment. Appellant's car went over the concrete abutment, flipped over and landed upside down in a creek below, injuring appellant.
Appellant sued appellees for failing to maintain a guardrail along Smith Road where the accident occurred. Appellees moved the trial court for summary judgment, contending that the city of Hamilton was primarily responsible for Smith Road in the area where the accident occurred. The trial court agreed with appellees and awarded them summary judgment. From this decision of the trial court, appellant appeals and raises one assignment of error.
In his assignment of error, appellant maintains that the trial court erred in granting summary judgment to appellees. Specifically, appellant argues that appellees were responsible for erecting and maintaining a guardrail on Smith Road pursuant to R.C. 5591.36.
It is appropriate for a trial court to grant summary judgment pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. Desher v. Burt (1996), 75 Ohio St.3d 280,293. If the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.Id; Civ.R. 56(E). This court reviews a trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995),106 Ohio App.3d 440.
R.C. 5591.36 sets forth the duties of the board of county commissioners with respect to the erection of guardrails on public roads and states in relevant part:
 The board of county commissioners shall erect and maintain, where not already done, one or more guardrails on each end of a county bridge, viaduct, or culvert more than five feet high and on each side of every approach to a county bridge, viaduct, or culvert, if the approach or embankment is more than six feet high. The board shall also protect, by suitable guardrails, all perpendicular wash banks more than eight feet in height, where such banks have an immediate connection with a public highway other than state highways, or are adjacent thereto in an unprotected condition.
There are three classes of "public highways": state roads, county roads, and township roads. R.C. 5535.01. County roads include all roads that are established as part of the county highway system. Id. Township roads are all other public highways other than state or county roads. Id. The county is liable for all accidents and damages that occur due to a failure to erect guardrails on county or township roads in accordance with R.C. 5591.36. R.C. 5591.37.
In this case, it is uncontroverted that Smith Road, at the point where appellant's accident occurred, is not a state highway. Since it is not a state highway, Smith Road must then be either a county road or a township road. According to the facts alleged by appellant, the sixteen foot high concrete abutment was ten feet from the edge of Smith Road and was constructed at approximately a ninety degree angle. Thus, at first blush, it would appear that appellees were required under R.C. 5591.36 to erect a suitable guardrail along the embankment and could be potentially liable for failure to do so.
However, all of the parties agree that appellant's accident occurred within the city limits of Hamilton. The city of Hamilton is a municipal corporation and, as such, the provisions of Title 7 of the Revised Code apply. R.C. 723.01 grants municipal corporations the special power to regulate the use of streets within the municipal corporation and provides in part:
 Except as provided in section 5501.49[2] of the Revised Code, the legislative authority of a municipal corporation shall have the care, supervision, and control of the public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and the municipal corporation shall
cause them to be kept open, in repair, and free from nuisance. (Emphasis added.)
R.C. 723.01 and R.C. 5591.36 appear to be in conflict. R.C.5591.36 imposes a duty upon the board of county commissioners to erect guardrails on all public highways other than state highways. But R.C. 723.01 requires municipal corporations to provide the care, supervision, and control of public highways within their boundaries and imposes a duty to keep the highways open, in repair, and free from nuisance.
Where there is an apparent conflict between statutes relating to the same general subject matter, a court must read the statutesin pari materia. See, e.g., United Tel. Co. of Ohio v. Limbach
(1994), 71 Ohio St.3d 369, 372. The court must harmonize the statutes and accord full effect and application to each, unless they are irreconcilable and in hopeless conflict. Id.; see, also, R.C. 1.51 ("If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both").
Applying this principle of statutory construction to R.C.5591.36 and 723.01, we hold that R.C. 5591.36 imposes a duty upon the board of county commissioners to erect suitable guardrails along county or township roads except for those portions of the roads located within the geographic boundaries of a municipal corporation. A municipal corporation, pursuant to R.C. 723.01, cares for, supervises and controls all public highways within its borders and has the duty to keep them open, in repair and free from nuisance. See, also, Peninsula v. Summit Cty. (1985),27 Ohio App.3d 252, 253-54 (holding that county roads lose their character when incorporated into a municipality, becoming municipal streets).
Since appellant's accident occurred within the city of Hamilton, appellees had no duty to erect or maintain a guardrail on Smith Road at the point where the accident occurred. Therefore, we conclude, after construing the evidence most strongly in favor of appellant, no genuine issue of material fact remains for trial. We further find that reasonable minds can come but to one conclusion and that conclusion is adverse to appellant. The trial court correctly granted summary judgment to appellees. Appellant's assignment of error is overruled.
 __________________________ POWELL, P.J.
YOUNG and WALSH, JJ., concur.
[1] Courtney Combs, Michael Fox, and Charles Furmon.
[2] R.C. 5501.49 governs the construction and maintenance of lift bridges on the state highway system within a municipal corporation.