JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants Diego Dambolena and Christene Woodley appeal the October 5, 2006 judgment of the trial court granting summary judgment in favor of defendant-appellee Ohio Bureau of Workers' Compensation, William Mabe, Administrator (the "Bureau"). We affirm.
 {¶ 2} Appellants filed a class action lawsuit in the common pleas court, seeking equitable relief on behalf of themselves and other plaintiffs who suffered a work-related injury in Ohio that was caused by a third-party tortfeasor. In their complaint, appellants allege that: 1) they and the class suffered their injuries during the period of time that Ohio Workers' Compensation subrogation statute, as amended pursuant to Senate Bill 227, effective April 9, 2003, was in effect; 2) they and the class obtained a recovery from and against their third-party tortfeasors through settlement or judgment; and 3) after a demand from the Bureau for *Page 2 
repayment of their settlements or judgments, they paid the Bureau from the amount recovered from their third-party tortfeasors pursuant to the subrogation statute, which they claim is unconstitutional.
 {¶ 3} In their demand for relief, plaintiffs sought, among other things, "an Order in equity requiring Defendant to repay all amounts collected by Defendant pursuant to the unconstitutional Subrogation Statute."
 {¶ 4} The Bureau filed a motion to dismiss, which was converted by the trial court to a motion for summary judgment, and opposed by appellants. In its motion, the Bureau argued that the subrogation statute is constitutional and the plaintiffs claims are barred by accord and satisfaction. The trial court granted the Bureau's motion, finding that it was entitled to judgment as a matter of law.[1]
 {¶ 5} In their assignment of error, Appellants challenge the constitutionality of R.C. 4123.93 and 4123.931, the statutes allowing subrogation for workers' compensation benefits. In particular, they contend that the statutes allow an unlawful taking of property, force forfeiture in the absence of double recovery, and violate the Equal Protection Clause by prescribing different treatment for tort victims who settle their tort claims as opposed to those who try them to verdict.[2] *Page 3 
 {¶ 6} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
 {¶ 7} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 8} It is well-settled law that courts of review will not decide constitutional questions unless absolutely necessary. Anderson v.Jacobs (1981), 68 Ohio St.2d 67, 72, fn. 11; State ex rel. Hofstetter v.Kronk (1969), 20 Ohio St.2d 117, 119. *Page 4 
Because we can resolve this case on other grounds, we do not reach appellants' constitutional challenge.
 {¶ 9} In this case, settlement agreements were executed by the plaintiffs after the Bureau made demand on the them for subrogation pursuant to the Workers' Compensation statute. The following language is contained in each of these agreements:
 {¶ 10} "Claimant and BWC agree and acknowledge that it is their intent that this agreement is a full and complete settlement and release of lien, obligations and rights under Sections 4123.93 and 4123.931 of the Ohio Revised Code. Should any part of or all of the statute or statutes governing this agreement be challenged and found to be unconstitutional, claimant and BWC agree that this Settlement and Release shall remain in full force and effect."
 {¶ 11} As previously mentioned, the Bureau argued that the above provision barred appellants' claims under the doctrine of settlement and accord. "Accord and satisfaction is an affirmative defense to a claim for money damages. If a party against whom a claim for damages is made can prove accord and satisfaction, that party's debt is discharged by operation of law." Allen v. R.G. Indus. Supply, 66 Ohio St.3d 229, 231,1993-Ohio-43, 611 N.E.2d 704.
 {¶ 12} In order to have an accord and satisfaction, "[f]irst, the defendant must show that the parties went through a process of offer and acceptance-an accord. *Page 5 
Second, the accord must have been carried out-a satisfaction. Third, if there was an accord and satisfaction, it must have been supported by consideration." Id. 231-232. (Citation omitted.) The Bureau pled accord and satisfaction as an affirmative defense in its answer and provided a copy of the executed settlement and release in its motion for summary judgment. Thus, the release bars the recovery appellants seek, that is, "an Order in equity requiring Defendant to repay all amounts collected by Defendant pursuant to the unconstitutional Subrogation Statute."
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS
ANTHONY O. CALABRESE, JR., P.J., DISSENTS WITH SEPARATE OPINION
[1] The trial court's entry does not specify the grounds upon which it granted the Bureau's motion for summary judgment.
[2] We note that the constitutionality of the statutes is set to be decided by the Ohio Supreme Court in Groch v. Gen. Motors Corp.,112 Ohio St.3d 1416, 2006-Ohio-6712, 859 N.E.2d 556.