[Cite as *Parma v. Wielicki*, 2011-Ohio-6291.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96869**

## CITY OF PARMA

PLAINTIFF-APPELLEE

vs.

## PETER J. WIELICKI, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Parma Municipal Court
Case No. 10 CVF-00388

**BEFORE:** E. Gallagher, J., Boyle, P.J., S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 8, 2011

**ATTORNEY FOR APPELLANT**

Ravi Suri
850 Euclid Avenue, Suite 804
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEES**

Amanda Rasbach Yurechko
Weltman, Weinberg, & Reis
323 W. Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

Timothy G. Dobeck
Law Director/Chief Prosecutor
City of Parma
6611 Ridge Road
Parma, Ohio 44129

EILEEN A. GALLAGHER, J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶ 2} Defendants-appellants, Peter Wielicki and Anne Wielicki, appeal the trial court's decision granting summary judgment in favor of plaintiff-appellee, city of Parma. Appellants argue that the trial court erred in granting the appellee's motion because genuine issues of material fact precluded summary judgment. For the reasons that

follow, we affirm.

{¶ 3} This case arises out of an unpaid municipal tax debt for the years 2005, 2006, and 2007, which the city of Parma sought to recover from appellants in Parma Municipal Court. In 2008, appellants received correspondence from the Parma Tax Department regarding income taxes owed for the years 2005, 2006, and 2007. Appellants prepared, signed, and filed tax returns for those years as well as 2008. Appellants disputed their tax obligation for the years 2005, 2006, and 2007, claiming they did not reside in Parma during the years in question. After a discussion with an employee at the Parma Tax Department, appellants submitted a letter to Parma's tax commissioner and a check for $418 to Parma. The check included a restrictive endorsement on the back and the accompanying letter stated that the check was "offered as payment in full for any and all income taxes, penalties, and interest for tax year 2008 and all prior years." The check was processed and deposited without endorsement or review by Parma's tax commissioner or his acknowledgment of the restrictive language.

{¶ 4} The city of Parma subsequently brought the present action against appellants on January 28, 2010, seeking $2,142.49 in unpaid taxes, accrued interest, and penalties for the tax years 2005, 2006, and 2007. Appellants alleged the affirmative defense of accord and satisfaction in regards to the debt. The trial court initially denied motions for summary judgment filed by both parties due to a genuine issue of material fact concerning the purported good faith dispute regarding appellants' place of residence

for the tax years 2005, 2006, and 2007.

{¶ 5} After an investigation by Parma refuted appellants' residency claim,[1] appellants withdrew the argument and supplemented their interrogatory responses asserting for the first time that the basis of their bona fide dispute of the tax debt was that Parma failed to timely notify them of their local tax liability. Parma moved the trial court to reconsider the motions for summary judgment and after reviewing supplemental motions filed by both parties the trial court granted summary judgment in favor of Parma on May 5, 2011. Appellants brought the present appeal of that decision advancing two

---

[1]In response to an interrogatory, appellants initially maintained that they resided at 2455 Bethany Lane in Hinkley, Ohio. Public records indicated that Melita J. Keim and Neil Keim were the owners of the property at 2455 Bethany Lane, Hinkley, Ohio. An attorney for Parma submitted an affidavit that she caused a subpoena for the Keims to appear and was subsequently contacted by Melita Keim who refuted the fact that Anne or Peter Weilicki ever resided at 2455 Bethany Lane, Hinkley, Ohio. The record does not show if the Keims were ever deposed. Subsequently, the attorney for the appellants submitted a letter to Parma's attorney stating:

"For settlement purposes only: * * * in return for your client not requesting sanctions arising out of the defense changes enumerated in the attached documents, this letter should be taken as an assurance that [appellants] will not assert at trial that they resided outside of Parma for tax liability or accord and satisfaction purposes. Although defendants are not contesting Parma residency in this action, they are not making any representations of fact or state of mind regarding their residency for the purposes of other actions or claims."

Appellants additionally amended their interrogatory responses to admit they resided within Parma for the tax years 2005 through 2007. We further note the record contains a photocopy of appellant Anne Wielicki's driver's license, issued February 28, 2007, which indicates her address as 3314 Fortune Ave. in Parma, Ohio.

assignments of error.

**{¶ 6}** Appellants' first assignment of error states:

**{¶ 7}** "The [appellants] should not have been found liable for alleged tax debt to Parma because the parties discharged the debt with an accord and satisfaction by use of instrument [sic] meeting each and every element of R.C. 1303.40."

**{¶ 8}** Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264.

**{¶ 9}** If a party against whom a claim for money damages is made can prove the affirmative defense of accord and satisfaction, that party's debt is discharged as a matter of law. *Allen v. R.G. Indus. Supply* (1993), 66 Ohio St.3d 229, 231, 611 N.E.2d 794.

"An accord is a contract between a debtor and a creditor in which the creditor's claim is settled in exchange for a sum of money other than that which is allegedly due. Satisfaction is the performance of that contract."  Id., 66 Ohio St.3d at 231, 611 N.E.2d at 797.

{¶ 10} R.C. 1303.40 governs accord and satisfaction by use of an instrument and provides in pertinent part:

> "If a person against whom a claim is asserted proves that that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, that the amount of the claim was unliquidated or subject to a bona fide dispute, and that the claimant obtained payment of the instrument, all the following apply:
> (A) Unless division (B) of this section applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim."

{¶ 11} "Accord and satisfaction is available as a defense under R.C. 1303.40 only when there is an actual disagreement as to the amount owed: there must be a 'good-faith dispute about the debt.'"  *Morgan v. The Village Printers, Inc.*, Hamilton App. No. C-030701, 2004-Ohio-3751, at ¶9, quoting *Allen*, 66 Ohio St.3d 229, 611 N.E.2d 794, paragraph two of the syllabus.   Whether a dispute is bona fide is ordinarily a question of fact to be resolved by the trier of fact.   Id. at ¶10.

{¶ 12} In regards to what constitutes a bona fide dispute this court has previously noted that, "it is not necessary that a dispute or denial be well founded, or that either party be right in his contentions, but it is essential that it be bona fide and honestly

believed in." *Morris Skilken & Co. v. Watkins Furniture Co.* (1961), 176 N.E.2d 256, 259, quoting 1 C.J.S. Accord and Satisfaction Section 32, p. 515.

{¶ 13} In the present instance, appellants initially maintained that a bona fide dispute existed in that they did not live in Parma during 2005, 2006, and 2007 and therefore had no tax obligation. The trial court relied upon this theory in denying Parma's original summary judgment. Appellants then abandoned this position and admitted residency during the subject time period. Upon reconsideration of Parma's motion for summary judgment, appellants argued that a bona fide dispute existed as to Parma's failure to timely inform them of their duty to pay local taxes. Specfically, appellants argued, "[s]ince the last motion, [appellants] have shifted thier focus to a dispute that [Parma] waited far too long to inform them that their taxes were overdue. Despite the understandable doubts arising from the fact that [appellants] did not focus on this dispute earlier, it is the only rational explanation for the [appellants'] actions." Appellants supported their new theory of a bona fide dispute with an affidavit wherein Peter Wielicki averred, "I asked about and disputed several issues, including the length of time it took to contact me, unemployment, and multiple other issues * * *."

{¶ 14} It is well established that a party may not attempt to create a genuine issue of material fact by submitting an affidavit directly contradicting his or her prior sworn deposition testimony in response to a defendant's summary judgment motion. *Holbrook v. Oxford Hts. Condominium Assn.*, Cuyahoga App. No. 81316, 2002-Ohio-6059, at ¶48,

citing *Wyatt v. Ohio Dept. of Transp.* (1993), 87 Ohio App.3d 1, 6, 621 N.E.2d 822.

{¶ 15} "Parties to litigation should not be allowed to thwart the purpose of Civ.R. 56 by creating issues of fact. If this were permitted, the utility of summary judgment as a valuable procedure for screening out sham factual issues would be greatly undermined." *Spatar v. Avon Oaks Ballroom*, Trumbull App. No. 2001-T-0059, 2002-Ohio-2443, at ¶22, quoting *Barile v. E. End Land Dev.* (Dec. 23,1999), Lake App. No. 98-L-149.

{¶ 16} This court has previously held that, "[g]enerally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party." *Davis v. Cleveland*, Cuyahoga App. No. 83665, 2004-Ohio-6621, at ¶23, quoting *Bell v. Beightler*, Franklin App. No. 02AP-569, 2003-Ohio-88, at ¶33. (Citations omitted.)

{¶ 17} Appellants' sudden about-face on the nature of the underlying bona fide dispute appears to be a barely concealed attempt to manufacture a genuine issue of material fact to survive summary judgment. Further, appellants fail to provide any explanation as to how their belief that Parma's failure to notify them at an unspecified earlier date of their outstanding tax obligations cast the debt into doubt such that an

honestly believed, bona fide dispute resulted.

{¶ 18} Even if this court found appellants' newly espoused bona fide dispute theory created a genuine issue of material fact, we find that appellants' purported accord and satisfaction completely lacked consideration.

{¶ 19} It is well established that an accord and satisfaction must be supported by consideration. *Dambolena v. Ohio Bur. of Workers' Comp.*, Cuyahoga App. No. 88881, 2007-Ohio-4435, at ¶12, citing *Allen*, 66 Ohio St.3d at 231-232.

{¶ 20} "The general rule is that an actual or bona fide dispute is an essential element of accord and satisfaction and, therefore, the acceptance of part payment tendered as full satisfaction of a liquidated or undisputed claim does not result in an accord and satisfaction." *Citibank (South Dakota), N.A. v. Perz*, 191 Ohio App.3d 575, 2010-Ohio-5890, 947 N.E.2d 191, at ¶44, citing *Allen*, 66 Ohio St.3d at 232; R.C. 1303.40. "The requirement for an actual dispute is perceived as a safeguard that protects unsophisticated creditors against overreaching debtors and ensures an adequate consideration for extinguishing the debt. Otherwise, if there is no dispute, the debtor is giving up no more — and indeed, less — than what is already owed. In other words, a partial payment in the absence of an underlying dispute 'is merely a thing which the party is already bound to do.'" Id., quoting *Rhoades v. Rhoades* (1974), 40 Ohio App.2d 559, 562, 321 N.E.2d 242. (Internal citations omitted.)

{¶ 21} In the case sub judice, the parties do not dispute that the check tendered by

appellants was for the exact amount of their tax obligation for 2008, a year in which appellants' tax obligation was *not* in controversy. Appellants admit that $418 was the exact amount due in regards to their 2008 and that this amount was not in dispute. Instead, appellants argue that consideration is not required for an accord and satisfaction by way of a check because R.C. 1303.40 does not contain explicit language referencing consideration.

**{¶ 22}** Contrary to appellants' argument, Ohio courts have maintained the requirement of consideration in situations where a check is used as an accord and satisfaction. See, e.g., *Tourville v. Terzuoli*, Montgomery App. No. 22802, 2009-Ohio-2743, at ¶11-13; *Lightbody v. Rust*, Cuyahoga App. No. 80927, 2003-Ohio-3937, at ¶23; *Huntington Natl. Bank v. Chappell*, 183 Ohio App.3d 1, 2007-Ohio-4344, 915 N.E.2d 665, at ¶66-68; *Herres v. Millwood Homeowners Assn., Inc.*, Montgomery App. No. 23552, 2010-Ohio-3533, at ¶23-24.

**{¶ 23}** Appellants' tendering of a check for their undisputed tax obligation in 2008 cannot serve as consideration for an accord and satisfaction of their allegedly disputed 2005, 2006, and 2007 tax obligations to Parma.

**{¶ 24}** Appellants' first assignment of error is without merit and overruled.

**{¶ 25}** Appellants' second assignment of error states:

**{¶ 26}** "The trial court erred by finding that Anne Wielicki was liable for the tax debt at issue based solely on her signature to joint tax returns, despite that she had no

taxable income."

**{¶ 27}** Appellants argue that appellant Anne Wielicki cannot be held jointly liable for the 2005, 2006, and 2007 taxes because the only income earned by appellants during this period was earned by appellant Peter Wielicki.

**{¶ 28}** Parma Code 183.30 requires each taxpayer to file a return whether or not a tax is due. The parties do not dispute that appellant Anne Wielicki filed a joint tax return with her husband. Parma Code 183.30(a) provides that, "[t]he taxpayer making a return shall, at the time of the filing thereof, pay to the Administrator, the amount of taxes shown as due thereon." Beyond this language there is nothing in the Parma Code explaining the liability of parties to a joint tax return. Appellant fails to make an argument refuting the plain language of Parma Code 183.30(a) under which a taxpayer is liable for the taxes due on the return he or she signs and files.

**{¶ 29}** Appellants' second assignment of error is overruled.

**{¶ 30}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR